UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN MANN ANDERSON,

        Plaintiff,

     v.                                          Case No. 22-C-270

DEPARTMENT OF CORRECTIONS, et al.,

        Defendants.

## SCREENING ORDER

Plaintiff John Mann Anderson, who is currently serving a state prison sentence at Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that the defendants violated his civil rights. This matter comes before the Court on Plaintiff's motion for leave to proceed without prepayment of the filing fee, motion for a preliminary injunction, motion to appoint counsel, and for screening of the complaint.

### Motion For Leave to Proceed without Prepayment of the Filing Fee

Plaintiff has requested leave to proceed without prepayment of the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). Plaintiff filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $32.22. The Court will grant Plaintiff's motion for leave to proceed without prepayment of the filing fee.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

There is a reason that Rule 8 specifies a "short and plain" statement. "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). "[L]ength may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter." *Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013) (quoting *U.S. ex rel. Garst*, 328 F.3d 374, 378 (7th Cir. 2003)). "District judges are busy, and therefore have a right to dismiss a complaint that is so long that it imposes an undue burden on the judge, to the prejudice of other litigants seeking the judge's attention." *Id.*

Plaintiff's complaint is 174 pages. Dkt. No. 1. It consists of a 3-page table of contents, 118 pages of exhibits, and a 52-page hand-written, single-spaced complaint with factual allegations dating back to 2008. *Id*. Plaintiff also filed a 22-page motion for a preliminary injunction and a 7-page motion to appoint counsel. Dkt. Nos. 4-5. All of the documents then cross-reference each other for the purpose of attempting to state one Eighth Amendment claim against four individuals and the Wisconsin Department of Corrections. Dkt. No. 1 at 39. If Plaintiff has included any meritorious claims, it is buried in the pages and pages of excessive and unnecessary detail. Plaintiff's complaint therefore violates Rule 8(a)(2), and it will be dismissed without prejudice.

If Plaintiff seeks to proceed with this case, the Court will require Plaintiff to file an amended complaint that complies with Rule 8. The amended complaint must provide a simple, concise, and direct statement of his claims. Plaintiff does not need to include every detail giving rise to his claims. He need only provide enough facts from which the Court can reasonably infer that the defendants did what Plaintiff alleges they did.

The Court will enclose a guide for *pro se* prisoners that explains how to file an amended complaint that the Court can effectively screen. The Court also will include a blank prisoner amended complaint form. The Court will require Plaintiff to use that form to file his amended complaint. *See* Civ. L.R. 9 (E.D. Wis.). If, after crafting his allegations in a concise "who, what, when, where, why" manner, Plaintiff believes he needs more space than is provided in the form complaint, he may attach a *maximum* of five typed, double-spaced pages. The amended complaint should be no more than <u>ten pages</u> total.

Plaintiff is advised that the amended complaint must bear the docket number assigned to this case. The amended complaint supersedes the prior complaint and must be complete in itself

3

without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If the amended complaint is received, it will become the operative complaint in this action, and the Court will screen it in accordance with 28 U.S.C. § 1915A. If Plaintiff does not file an amended complaint, the Court will dismiss this case.

Plaintiff is further advised that 42 U.S.C. § 1983 "creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). The doctrine of respondeat superior (supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See Pacelli v. deVito*, 972 F.2d 871, 877 (7th Cir. 1992). Section 1983 does not create collective or vicarious responsibility. *Id.* Thus, with respect to any claim or claims advanced in his amended complaint, Plaintiff must identify the individual defendants and specify the manner in which their actions, or failure to take action, violated his constitutional rights.

## MOTION FOR A PRELIMINARY INJUNCTION

Plaintiff filed a 22-page motion for a preliminary injunction. Dkt. No. 4. Plaintiff directs the Court back to the 118 pages of exhibits he attached to his original complaint, *see id.* at 3-4, and asks the Court to order the defendants to stop causing "irreparable harm of his burning bladder," *see id.* at 21. A preliminary injunction is appropriate only if it seeks relief of the same character sought in the underlying complaint and deals with a matter presented in that underlying complaint. *See Peace v. Pollard*, Case No. 15-cv-481, 2017 WL 564016, at *1 (E.D. Wis. Feb. 10, 2017) (citations omitted). The Court is requiring Plaintiff to file an amended complaint, so it cannot

4

determine at this time whether the relief Plaintiff seeks in this motion is of the same character sought in the underlying case. The Court will deny his motion for preliminary injunction without prejudice.

## MOTION TO APPOINT COUNSEL

Plaintiff filed a motion to appoint counsel. Dkt. No. 5. In a civil case, the Court has discretion to recruit a lawyer for individuals who cannot afford to hire one. *Navejar v. Iyola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). In exercising its discretion, the Court must consider two things: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007)). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)).

To satisfy the first prong, the Court must determine that a plaintiff made a good faith effort to hire counsel on his own. *Pickett v. Chicago Transit Auth.*, 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682. To demonstrate he satisfied the first prong, Plaintiff must show he contacted at least three lawyers and provide the Court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses. In particular, the lawyers' responses may have bearing on the Court's decision to

5

Case 1:22-cv-00270-WCG   Filed 04/19/22   Page 5 of 9   Document 11

exercise its discretion because they may shed light on whether the plaintiff's attempts to hire counsel were reasonable. *Pickett*, 930 F.3d at 871. In deciding whether to recruit counsel, the Court should consider the reasons the lawyer declined representation, including whether the plaintiff was unwilling (as opposed to unable) to pay a retainer; whether the lawyer lacked time or capacity to take on new clients; or whether the subject matter of the case requires a lawyer who specializes in a specific area of law. *Id.* The Court should also consider how well the plaintiff articulated his case to the prospective lawyer. *Id.* Where a plaintiff "conveyed his situation well and counsel deemed the claim feeble, then it would be inappropriate for a court to intervene" and recruit counsel. *Id.* But, where a plaintiff is inarticulate, then a court "may have a useful role to play in recruiting counsel." *Id.*

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." *Eagan*, 987 F.3d at 682. When considering the second prong, the Court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." *Pennewell v. Parish*, 923 F.3d 486, 490 (7th Cir. 2019). The Court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." *Id.* This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." *Id.* at 490-91. The Court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." *Id.* at 491. In situations where the plaintiff files his motion in the early stages

6

Case 1:22-cv-00270-WCG   Filed 04/19/22   Page 6 of 9   Document 11

of the case, the Court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." *Pickett*, 930 F.3d at 871.

Plaintiff has not provided the Court with the evidence required to show that he made reasonable attempts to recruit counsel on his own. *See* Dkt. No. 5. As noted above, he should identify: (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses. "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682. Therefore, the Court will deny Plaintiff's motion to appoint counsel without prejudice. Plaintiff can re-file the motion when he has satisfied the first prong. In that motion, Plaintiff must also explain why this case is too complex for him to handle it on his own.

## Conclusion

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for a preliminary injunction (Dkt. No. 4) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel (Dkt. No. 5) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the original complaint is **DISMISSED** without prejudice because it violates Fed. R. Civ. P. 8. Plaintiff may file an amended complaint that complies with the instructions in this order within **30 days of this order**. If the amended complaint is received, it will become the operative complaint in this action, and the Court will screen it in accordance with 28 U.S.C. § 1915A. If Plaintiff does not file an amended complaint, the Court will dismiss this case.

**IT IS FURTHER ORDERED** that the Clerk's office mail Plaintiff a blank prisoner amended complaint form and a copy of the guide entitled "Guide to Filing Prisoner Complaints Without a Lawyer in the United States District Court for the Eastern District of Wisconsin," along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the **$317.78** balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. Therefore, failure to provide your correct address could result in dismissal of your case for failure to prosecute.

Dated at Green Bay, Wisconsin this 19th day of April, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

9

Case 1:22-cv-00270-WCG   Filed 04/19/22   Page 9 of 9   Document 11