UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN MANN ANDERSON,

    Plaintiff,

    v.     Case No. 22-C-270

CHERYL A. JEANPIERRE, et al.,

    Defendants.

## ORDER

Plaintiff John Mann Anderson, who is representing himself, is proceeding with the following claims: (1) an Eighth Amendment deliberate indifference claim against Wisconsin Department of Corrections (DOC) medical staff employees Laura Sukowaty, Cheryl Jeanpierre, Robert Weinman, Jessica Hosfelt, and Whitney Pitzlin regarding the failure to treat his painful bladder condition; (2) a First Amendment retaliation claim against Jeanpierre, Weinman, Hosfelt, and Pitzlin regarding falsified medical documents used to deny medical care for his painful bladder condition; and (3) a Fourteenth Amendment due process claim against Jeanpierre regarding termination from the institution's pain management/chronic disease program without notice and hearing. Dkt. No. 15. Defendants' responsive pleading is due August 5, 2022. *Id*.

On June 29, 2022, Plaintiff filed a motion to file a second amended complaint, along with a proposed second amended complaint, both unsigned. Dkt. Nos. 18-19. Plaintiff's proposed amendments include the addition of two new defendants (Paula Stelsel, the Bureau of Health Services Nursing Coordinator for the DOC, and John J. Tuten, a DOC pharmacist) and additional facts against some current defendants (Sukowaty and Jeanpierre). Dkt. No. 18, ¶8. About two

weeks later, on July 11, 2022, Plaintiff filed another motion for leave to file and a motion to supplement, along with another amended complaint and supplemental complaint. *See* Dkt. No. 21. In these documents Plaintiff requested to change the jury demand and add new facts against a different current defendant (Pitzlin). *See id*.

Rather than expend the time and effort to screen Plaintiff's series of pleadings, the Court will deny Plaintiff's motions without prejudice for now. Once Plaintiff has settled upon the additional claims he believes he has and the additional parties he believes are liable, he may file a signed motion seeking leave to file a single, comprehensive complaint which the Court will then screen. *See* Civ. L. R. 15. As the Court has explained in prior orders, submitting numerous amendments and supplements makes it difficult for the Court to manage its docket and ensure that the litigation is conducted in an orderly manner. It also makes it difficult for Defendants to file a responsive pleading. *See e.g. Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 775–76 (7th Cir. 1994). The Court notes that Plaintiff's operative complaint already includes an allegation of on-going denial of medical care for his severe bladder condition. Plaintiff need not file a supplement every time another medical care request is denied. The defendants are already on notice of that claim.

On June 29, 2022, Plaintiff also filed a motion for recusal and motion to transfer the case. Dkt. No. 20. Plaintiff states that the Court "showed bias" by "instructing [the defendants] to file a motion to dismiss." *Id*. at 1-4. The Court did not "instruct" the defendants to file a motion to dismiss; it explained that a screening order does not legally preclude such a motion. In other words, the Court was noting that it does not run down every possible legal issue in the screening order.

2

Plaintiff also states that the Court misrepresented his claim by calling it "confusing" and he states that the Court got certain facts wrong. *Id*. at 5-6. The screening order is not intended to find facts—it is only intended to determine what claims can proceed—so Plaintiff can correct any perceived factual errors through litigation. The Court notes that it allowed all of Plaintiff's claims to go forward. His assertion that the Court "did not address" his state law tort claim or his request to "immediately return his Gabapentin," *id*. at 9, is inaccurate because he did not ask to proceed with any state law claims, *see* Dkt. No. 13 at 7-8, nor did he file a motion for a preliminary injunction, along with supporting evidence. In sum, the Court is not biased against him and Plaintiff has presented no evidence to suggest otherwise. The Court is simply attempting to manage its docket in an orderly fashion. Toward that end, the Court advises Plaintiff to focus his efforts on moving the case forward. Plaintiff risks impeding his own case by over-litigating it and making it difficult for Defendants to respond. The motion for recusal and motion to transfer will be denied.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to file a second amended complaint (Dkt. No. 18) and motion for leave to file and motion to supplement (Dkt. No. 21) are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for recusal and motion to transfer (Dkt. No. 20) are **DENIED**.

Dated at Green Bay, Wisconsin this 15th day of July, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge