UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN MANN ANDERSON,

    Plaintiff,

    v.                                      Case No. 22-C-270

CHERYL A. JEANPIERRE, et al.,

    Defendants.

## ORDER

Plaintiff John Mann Anderson, who is representing himself, is proceeding on a §1983 lawsuit. Dkt. Nos. 36-37. On September 13, 2022, Defendants filed an Answer to the Second Amended Complaint. Dkt. No. 44. Two weeks later, on September 27, 2022, Plaintiff filed a "motion to compel respondents to give an appropriate specific answers to plaintiff's second amended complaint allegations." Dkt. No. 51. Plaintiff explains that Defendants' Answer is unacceptable because it states that they "lack personal knowledge or information to form a response as to the truth of an allegation" with respect to several allegations in the complaint. *Id*. Plaintiff states that he submitted his medical release in August 2022, so Defendants should be able to review his medical records and specifically admit or deny many of the allegations they purport to lack knowledge about. *Id*.

It is generally acceptable for Defendants to assert in an Answer that they lack personal knowledge or information to form a response. *See* Fed. R. Civ. P. 8(b)(5) ("A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial."). There are exceptions for claiming "lack of

knowledge" under Rule 8(b)(5), but they are limited to "matters of public knowledge" and instances where "the defendants could have informed themselves on the issues in question 'with the slightest effort.'" *See Summerville v. Covington Coal LLC*, No. 114CV02099WTLTAB, 2016 WL 7971718, at *1 (S.D. Ind. Mar. 7, 2016); *see also F.D.I.C. v. Coleman L. Firm*, No. 11 CV 8823, 2012 WL 5429151, at *1 (N.D. Ill. Nov. 7, 2012). Requiring Defendants to scour Plaintiff's medical records to get informed on the issues in question is more than "the slightest effort." Thus, the lack of knowledge exception does not apply and Defendants Answer is acceptable under Rule 8(b)(5). Plaintiff should construe the statements as a denial, and he will be able to litigate the specifics of each denial though discovery and motion practice. The Court will deny the motion.

**IT IS THEREFORE ORDERED** that Plaintiff's "motion to compel respondents to give an appropriate specific answers to plaintiff's second amended complaint allegations" (Dkt. No. 51) is **DENIED**.

Dated at Green Bay, Wisconsin this 14th day of October, 2022.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge