UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN MANN ANDERSON,

        Plaintiff,

        v.                                                                 Case No. 22-C-270

CHERYL A. JEANPIERRE, et al.,

        Defendants.

## ORDER

Plaintiff John Mann Anderson, who is representing himself, is proceeding on claims under the First, Eighth, and Fourteenth Amendments in connection with allegations that Defendants denied medical care for his painful bladder condition, retaliated against him for filing complaints about their denial of medical care, and terminated his participation in a pain management program without notice and hearing. Dkt. Nos. 15 & 36.

On September 22, 2022, Defendants filed a motion for partial summary judgment based on Plaintiff's failure to exhaust administrative remedies before filing this lawsuit. Dkt. No. 46. That motion is fully briefed and ready for resolution. *See* Dkt. Nos. 47, 60, & 65. Since then, Plaintiff has filed two motions for a preliminary injunction, a motion to supplement, a motion for judgment on the merits, a motion for extension of time to reply to his motion for judgment on the merits, and a motion for an order to return all of his legal materials. Dkt. Nos. 67, 83, 96, 98, 100, & 101. This order resolves the pending motions, lifts the stay, and sets new deadlines for discovery and dispositive motions on the merits.

**A. Motion for Partial Summary Judgment**

1. **Undisputed Facts**

Plaintiff is housed at Waupun Correctional Institution and was housed at Waupun at all times relevant to this lawsuit. He claims that (1) starting in November 2020, DOC Physician Supervisor Laura Sukowaty, Doctor Cheryl Jeanpierre, Nursing Supervisor Robert Weinman, Nurse Jessica Hosfelt, Nurse Whitney Pitzlin, Department of Corrections (DOC) Nursing Coordinator Paula Stelsel, and DOC Pharmacist John Tuten denied medical care for his Interstitial Cystitis; (2) in December 2020, Jeanpierre terminated Plaintiff's participation in the institution's pain management/chronic disease program without notice and hearing; (3) starting in February 2022, Jeanpierre, Weinman, Hosfelt, and Pitzlin falsified medical documents in retaliation for the many Health Service Requests Plaintiff filed about their denial of his medical care; and (4) in May 2022, Pitzlin gave him two conduct reports in retaliation for filing a lawsuit. Dkt. No. 37.

Plaintiff filed five inmate complaints related to these allegations. On December 28, 2020, Plaintiff filed inmate complaint #WCI-2020-22273. Dkt. No. 49-2. Plaintiff alleged, "On 12-16-20 this doctor was deliberate indifference in termining my bladder pain medication. By lying as if I did not have any in my blood lab results (Gabapentin) at all." *Id*. at 10. Plaintiff identified Jeanpierre as the only individual involved. *Id*. Plaintiff appealed through the proper channels and received a final decision on the merits on January 26, 2021. *Id*. at 7–8.

On January 4, 2021, Plaintiff filed inmate complaint #WCI-2021-55. Dkt. No. 49-3. Plaintiff alleged, "I was on a medication called Gabapentin. The above listed Doctor Jeanpierre kept on harassing me for blood draw every 2 days. For eight weeks. With a surgical invasive needle into my arm. And under threat to discontinue my med. If I do not allow her to continue to draw blood from me every 2 days. All this has been done only to check for Gabapentin intake.

2

Every 2 days by a surgical needle. This was clearly invasive intrusion: Done by harassment. This has caused my arm to be in a lot of pain." *Id*. at 10. Plaintiff appealed through the proper channels and received a final decision on the merits on February 4, 2021. *Id*. at 7–8.

On February 4, 2021, Plaintiff filed inmate complaint #WCI-2021-1999. Dkt. No. 49-4. Plaintiff alleged that "Department of Corrections Medical Director Jane Doe," and Jeanpierre were given information by another doctor that explained why Plaintiff's lab results may not have showed Gabapentin in his bloodstream even though he was properly taking the medication. *Id*. at 10–11. He alleged that they ignored that explanation and discontinued his prescription, claiming he allegedly "misused" the medication. *Id*. Plaintiff appealed through the proper channels and received a final decision on the merits on March 9, 2021. *Id*. at 7–8.

On February 28, 2022, Plaintiff filed inmate complaint #WCI-2022-3605. Dkt. No. 49-5. Plaintiff alleged that, on February 17, 2022, Hosfelt, Weinman, Stelsel, and John/Jane Does fabricated and falsified his medical records by claiming that Plaintiff refused to go to the Health Services Unit (HSU) following an off-site visit. *Id*. at 10, 12. Plaintiff appealed through the proper channels and received a final decision on the merits on March 22, 2022. *Id*. at 7–8.

Finally, on July 20, 2022, Plaintiff filed inmate complaint #WCI-2022-11241. Dkt. No. 62-1. Plaintiff alleged that Pitzlin falsified medical documents as retaliation for Plaintiff "complaining all the time for lack of medical care." *Id*. at 5. He alleged that she was harassing him and hindering his access to medical care. *Id*. Plaintiff appealed through the proper channels and received a final decision on the merits on August 23, 2022. *Id*. at 11.

Plaintiff initiated this lawsuit on March 2, 2022. Dkt. No. 1. He filed an amended complaint on May 10, 2022. Dkt. No. 13. Plaintiff filed the currently operative second amended complaint on August 30, 2022. Dkt. No. 37.

3

2. **Summary Judgment Standard**

Summary judgment is appropriate when the moving party shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. All reasonable inferences are construed in favor of the nonmoving party. *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004). The party opposing the motion for summary judgment must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id*. Summary judgment is properly entered against a party "who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Parent v. Home Depot U.S.A., Inc.*, 694 F.3d 919, 922 (7th Cir. 2012) (internal quotations omitted).

3. **Analysis**

Defendants assert that Plaintiff failed to properly exhaust his administrative remedies for his deliberate indifference claims against Weinman, Hosfelt, Pitzlin, Stelsel, and Tuten and his retaliation claim against Pitzlin. "[N]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "The primary justification for requiring prisoners to exhaust administrative remedies is to give the prison an opportunity to address the problem *before* burdensome litigation

is filed." *Chambers v. Sood*, 956 F.3d 979, 983 (7th Cir. 2020) (citing *Woodford v. Ngo*, 548 U.S. 81, 93–95 (2006); *Schillinger v. Kiley*, 954 F.3d 990, 995–96 (7th Cir. 2020)). The exhaustion requirement "protects the prison's administrative authority" by giving it an opportunity to correct its own mistakes before suit is filed against it in federal court. *Schillinger*, 954 F.3d at 995–96.

Wisconsin has established the Inmate Complaint Review System (ICRS) to review inmate grievances. Wis. Admin. Code § DOC 310.05. An inmate must file a complaint with the ICE within 14 calendar days of the relevant occurrence. Wis. Admin. Code §§ DOC 310.03(5) and 310.07(2). "A complaint must contain sufficient information for the department to investigate and decide the complaint." § DOC 310.07(6). The inmate complaint "need not lay out the facts, articulate legal theories, or demand particular relief." *Strong v. David*, 297 F.3d 646, 649 (7th Cir. 2002). But the inmate complaint must "alert[] the prison to the nature of the wrong for which redress is sought." *Id.* at 650. The inmate complaint must provide enough facts to give defendants "notice of, and an opportunity to correct, a problem." *Schillinger*, 954 F.3d at 995–96 (internal quotation marks and citation omitted).

Defendants assert that Plaintiff's inmate complaints do not contain sufficient factual allegations to give Defendants notice of any Eighth Amendment deliberate indifference claims against Weinman, Hosfelt, Pitzlin, Stelsel, and Tuten. Plaintiff asserts that he exhausted his administrative remedies as to his claims against these defendants through his February 4, 2021 inmate complaint. But in that complaint, Plaintiff only complains that Jeanpierre and Sukowaty discontinued his prescription for Gabapentin; he does not complain about any other aspect of his medical care or the specific conduct of Weinman, Hosfelt, Pitzlin, Stelsel, and Tuten. As a result, the institution would not have known to investigate the conduct of the nurses who treated him (Weinman, Hosfelt, and Pitzlin), the DOC nursing coordinator (Stelsel), or the DOC pharmacist

5

(Tuten). Accordingly, the Court finds that Plaintiff failed to exhaust his Eighth Amendment deliberate indifference claims against Weinman, Hosfelt, Pitzlin, Stelsel, and Tuten, and those claims will be dismissed without prejudice.

Defendants also assert that Plaintiff failed to exhaust his administrative remedies as to his First Amendment retaliation claim that Pitzlin gave him conduct reports in May 2022 in retaliation for filing a lawsuit. Dkt. No. 35, ¶¶68–70, 88–91. Though Plaintiff asserts that he exhausted his administrative remedies for this claim through his July 20, 2022 inmate complaint, that complaint only mentions retaliation based on falsifying documents. *See* Dkt. No. 62-1 at 5. Plaintiff has not identified any other inmate complaint that he filed against Pitzlin for giving him conduct reports in May 2022 in retaliation for filing a lawsuit. Therefore, the Court finds that Plaintiff failed to exhaust administrative remedies with respect to his First Amendment retaliation claim against Pitzlin in connection with the May 2022 conduct reports, and that claim will be dismissed without prejudice.

**B. Motions for Preliminary Injunction**

Plaintiff filed two motions for a preliminary injunction asking the Court to order Defendants to re-prescribe his Gabapentin prescription. Dkt. Nos. 67 and 83. Defendants oppose the motion, claiming that Plaintiff has received extensive care for his painful bladder condition, including numerous appointments with HSU staff and off-site doctors and a prescription for Oxybutynin to address his medical condition. Dkt. No. 87. Defendants state that the only treatment that was ruled out was Gabapentin due to misuse of the medication. *Id*. They maintain that lab results showed low levels of Gabapentin in Plaintiff's bloodstream, suggesting he was misusing the medication. *Id*.

To obtain a preliminary injunction, Plaintiff has the burden of establishing that (1) he is likely to succeed on the merits of his claim; (2) he has no adequate remedy at law; and (3) he is likely to suffer irreparable harm without the injunction. Fed. R. Civ. P. 65(b); *see also Planned Parenthood of Ind., Inc. v. Comm'r of Ind. State Dep't of Health*, 699 F.3d 962, 972 (7th Cir. 2012) (citing *Am. Civil Liberties Union of Ill. v. Alvarez*, 679 F.3d 583, 589–90 (7th Cir. 2012)). In the context of prisoner litigation, there is an additional requirement that injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); *see also Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012).

Based on Defendants' response, the Court is satisfied that Plaintiff does not have a reasonable likelihood of success on the merits. Defendants have been treating Plaintiff's medical condition with alternative medication. To the extent Plaintiff wants specific medication, he does not have a constitutional right to the medication of his choosing. *See, e.g.*, *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019) ("[A]n inmate is not entitled to demand specific care."). Further, to the extent Plaintiff argues that different doctors believe that there is a different explanation for why Gabapentin was not showing up in his bloodstream (apart from alleged misuse), disagreement among doctors does not make out a deliberate indifference claim. *See, e.g.*, *Johnson v. Dominguez*, 5 F.4th 818, 826 (7th Cir. 2021). The Seventh Circuit has also concluded that medical care providers are not deliberately indifferent when they stop a medication based on potential drug abuse. *See Lockett v. Bonson*, 937 F.3d 1016, 1024–25 (7th Cir. 2018). Therefore the Court will deny Plaintiff's motions for a preliminary injunction.

7

**C. Motion to Supplement**

On February 20, 2023, Plaintiff filed a "motion for leave of court to supplement Defendants Jodi Fields and Charles Dombock" and submitted a "supplemental complaint" alleging that these individuals denied medical care for his painful bladder condition between August and October 2022. Dkt. No. 96. Plaintiff's motion fails to comply with the Federal Rules of Civil Procedure and local rules governing amendment of pleadings. Civil L.R. 15(a) states:

> Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference.

Federal Rule of Civil Procedure 8(a)(2) also requires a short and plain statement of the claim showing that the pleader is entitled to relief." Here, Plaintiff failed to comply with the local rules because he did not submit a proposed amended complaint that contains all of his allegations. The Court will not allow Plaintiff to supplement his complaint with piecemeal allegations because the federal rules do not require the defendants to "forever sift through" multiple documents to determine which allegations are made against each defendant. *Jennings v. Emr*, 910 F.2d 1434, 1436 (7th Cir. 1990). The complaint and the supplemental information also make it difficult "for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation." *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 775–76 (7th Cir. 1994). As a result, Plaintiff's motion to supplement is denied.

**D. Motion for Judgment and Other Related Motions**

On March 15, 2023, Plaintiff filed a motion for judgment on the merits based on alleged confessions made by certain defendants that they falsified medical documents and allowed Jeanpierre to "misguide" them into providing inadequate medical care. Dkt. No. 98 at 4–5. Plaintiff explains that he placed an affidavit in the mail to that effect (that was addressed to his

8

attorney), but the mail was not sent out due to an incorrect sender address. *Id*. at 2–3, 5. Plaintiff tried but was unable to get that piece of mail back. *Id*. He asks the Court to grant judgment on the merits in his favor based on this missing evidence that "hampers [his] ability to present his case adequately." *Id*. at 7.

The Court will deny the motion because an issue with alleged mail tampering does not warrant judgment on the merits as a sanction. *See Ebmeyer v. Brock*, 11 F.4th 537, 547 (7th Cir. 2021) ("[S]anctions . . . must be proportionate to the circumstances."); *see also Evans v. Griffin*, 932 F.3d 1043, 1048 (7th Cir. 2019) (noting that the gravity of the misconduct must always inform the choice of sanction). Indeed, it's unclear from the motion who, if anyone, was involved in the alleged mail tampering, and it would be inappropriate under these circumstances to punish the defendants in this case (medical staff) for actions that may be, and likely is, attributable to someone else. The allegedly missing affidavit and other allegedly missing legal mail do not affect the motions now pending before the Court. The Court will therefore deny the motion for judgment on the merits and will deny as moot Plaintiff's motion for extension of time to file a reply to his motion for judgment.

The Court will also deny Plaintiff's motion for order, filed April 4, 2023, asking the Court to order correctional staff to return his legal mail. *See* Dkt. No. 101. Plaintiff states that, due to a lockdown on or around March 22, 2023, all legal mail has been confiscated. *Id*., ¶5. He asserts that other inmates have started to get their mail back but he has not. *Id*., ¶9. Because correctional staff are not defendants in this case, the Court cannot order them to take any action. That said, defense counsel is directed to remind the institution that staff should not intentionally interfere with Plaintiff's lawsuits and should return his confiscated legal mail as soon as they are able. The Court notes that the stay on discovery will be lifted through this order, so Plaintiff will have an

9

Case 1:22-cv-00270-WCG   Filed 04/13/23   Page 9 of 10   Document 102

opportunity to continue gathering evidence, including acquiring another affidavit with the alleged confessions.

## CONCLUSION

For the reasons stated above, Defendants' motion for partial summary judgment (Dkt. No. 46) is **GRANTED**. The Eighth Amendment deliberate indifference claims against Weinman, Hosfelt, Pitzlin, Stelsel, and Tuten and the First Amendment retaliation claim against Pitzlin in connection with giving Plaintiff conduct reports in May 2022 are dismissed without prejudice. Stelsel and Tuten are dismissed as defendants from the case.

The stay in this case is lifted. Discovery is reopened until **July 7, 2023**, and dispositive motions are due **August 7, 2023**.

Plaintiff's motions for preliminary injunction (Dkt. Nos. 67 & 83), motion to supplement (Dkt. No. 96), motion for judgment (Dkt. No. 98), and motion for order (Dkt. No. 101) are **DENIED**. Plaintiff's motion for extension of time to file a reply in support of his motion for judgment (Dkt. No. 100) is **DENIED as moot**. Defense counsel is directed to remind the institution that staff should not intentionally interfere with Plaintiff's lawsuits and should return his confiscated legal mail as soon as they are able.

**SO ORDERED** at Green Bay, Wisconsin this 12th day of April, 2023.

s/ William C. Griesbach
William C. Griesbach
United States District Judge