JOHN MANN ANDERSON,

        Plaintiff,

       v.                                  Case No. 22-C-270

CHERYL A. JEANPIERRE, et al.,

        Defendants.

## ORDER GRANTING DEFENDANTS' MOTION FOR SANCTIONS, DISMISSING THIS CASE, AND IMPOSING A STRIKE UNDER 28 U.S.C. §1915(g).

      Plaintiff John Mann Anderson, who is representing himself, is proceeding on claims under the First, Eighth, and Fourteenth Amendments in connection with allegations that Defendants denied medical care for his painful bladder condition, retaliated against him for filing complaints about their conduct, and improperly terminated his participation in a pain management program. Dkt. Nos. 1, 13 & 37. On December 5, 2024, Defendants filed a motion for sanctions based on Plaintiff filing a fabricated Declaration from Correctional Officer Andrew Lehman as a part of his original complaint and his summary judgment response materials. Dkt. No. 161; *see* Dkt. No. 1-1 at 110; *see also* Dkt. No. 169. The Declaration in question stated, "I have been trained to inspect inmates' mouths by having them lift their tongues" to look for medication; and "I can assure" that Plaintiff "did swallow his medication Gabapentin" in "November and December of the year 2020." Dkt. No. 1-1 at 110. The Declaration also stated, "I declare under penalty of perjury," and was signed "L. Lehmon." *See id*.

## THE EVIDENTIARY HEARING

On January 23, 2025 the Court held an in-person evidentiary hearing to resolve the motion for sanctions. Dkt. No. 180. CO Lehman took the stand and testified that he is personally acquainted with Plaintiff through his previous employment at the Waupun Correctional Institution. *Id*. He stated that he engaged in polite conversation with Plaintiff about his various lawsuits while he worked at Waupun, but he has never filed or agreed to sign a Declaration in *any* prisoner lawsuit, including this one. *Id*. CO Lehman stated that he did not sign the Declaration in question and indicated that the signature on the Declaration, "L. Lehmon," is not his signature. *Id*. He introduced a copy of his real signature, as contained in his employment papers. Dkt. No. 181-1.

Plaintiff also took the stand and testified that he drafted the Declaration in question. Dkt. No. 180. However, Plaintiff indicated that CO Lehman agreed to sign the Declaration during one of their conversations about his lawsuits to help him with this lawsuit. *Id*. Plaintiff introduced a different version of CO Lehman's signature (the one on his driver's license) to attempt to show that the signature on the driver's license matched the signature on the Declaration. Dkt. No. 181-1. Plaintiff noted that he had never seen CO Lehman's signature before, so he could not have forged it to look like the signature on his driver's license. Dkt. No. 180.

## LEGAL STANDARD

The Court has the inherent power to sanction a party's misconduct. *Salmeron v. Enter. Recovery Sys., Inc.*, 579 F.3d 787, 739 (7th Cir. 2009); *see also* Fed. R. Civ. P. 11(c). "Sanctions meted out pursuant to the court's inherent power are appropriate where the offender has willfully abused the judicial process or otherwise conducted litigation in bad faith." *Id.* "A litigant's misconduct can justify default judgment . . . and perjury is among the worst kinds of misconduct." *Rivera v. Drake*, 767 F.3d 685, 686 (7th Cir. 2014) (citing *Nat'l Hockey League v. Metropolitan*

2

*Hockey Club, Inc.*, 427 U.S. 639 (1976)). Perjury is "false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." *Montano v. City of Chicago*, 535 F.3d 558, 564 (7th Cir. 2008) (internal quotation marks and citation omitted). "Perjury committed in the course of legal proceedings is a fraud on the court, and it is arguable that a litigant who defrauds the court should not be permitted to continue to press his case." *Allen v. Chi. Transit Auth.*, 317 F.3d 696, 703 (7th Cir. 2003); *see also Jackson v. Murphy*, 468 F. App'x 616, 620 (7th Cir. 2012) (finding sanction of dismissal was "entirely warranted" where plaintiff perjured himself and forged a critical document to support his case).

## ANALYSIS

After reviewing the evidence, the Court finds by a preponderance of the evidence that Plaintiff not only filed a fraudulent Declaration with the Court but he also lied under oath at the evidentiary hearing in an attempt to avoid the consequences of his actions. *See Ebmeyer v. Brock*, 11 F.4th 537, 546 (7th Cir. 2021) (noting that the Court must find by a preponderance of the evidence that the culpable party willfully abused the judicial process or otherwise conducted the litigation in bad faith to impose sanctions). The Court finds that CO Lehman is a credible witness, who has nothing to gain from lying about the Declaration, and who knows his own signature. CO Lehman is not a defendant in this case nor is he still employed at the institution where Plaintiff and Defendants are located. CO Lehman therefore has no stake in the outcome of the case either way. Plaintiff, on the other hand, does have reason to fabricate the Declaration to support his contention that he never misused or diverted his prescription for Gabapentin. Indeed, if Plaintiff did misuse or divert his prescription for Gabapentin, as Defendants claim, that would doom all three of his pending claims—his Eighth Amendment claim for denial of medical care, his First

3

Amendment claim for retaliation, and his Fourteenth Amendment due process claim for improper termination from a pain management program. The Court notes that the signature on the Declaration ("L. Lehmon") appears to spell CO Lehman's last name incorrectly and also contains the incorrect initial for his first name, which is Andrew. This discrepancy is explained by Plaintiff's own admission that he has never seen CO Lehman's signature before. It thus makes sense that Plaintiff forged CO Lehman's signature in such a blatantly incorrect manner. For these reasons, the Court finds by a preponderance of the evidence that Plaintiff manufactured false and fraudulent evidence in the form of a Declaration purportedly signed by CO Andrew Lehman and filed it with the Court in an attempt to defraud the Court, the Defendants, and the taxpayers of the State of Wisconsin. The Court also finds by a preponderance of the evidence that Plaintiff lied about the fabricated evidence under oath at the evidentiary hearing. Accordingly, the Court will grant Defendants' motion for sanctions and will dismiss this case. *See Hoskins v. Dart*, 633 F.3d 541, 544 (7th Cir. 2011) (noting that "[m]onetary sanctions are generally not as effective against a pro se plaintiff proceeding as a pauper.").

The Prisoner Litigation Reform Act requires the Court to impose a strike at any time it determines that the complaint is frivolous or malicious. 28 U.S.C. §1915(g). In this case, Plaintiff attached to his original complaint fabricated evidence to defraud the Court, the Defendants, and the taxpayers of the State of Wisconsin. *See* Dkt. No. 1-1 at 110. His fraudulent behavior has resulted in the Court diverting significant time and resources away from legitimate cases awaiting judicial attention. Additionally, it is hard to conceive of misconduct more malicious than fabricating allegations and evidence. The Court therefore finds that Plaintiff must also be assessed a strike under §1915(g). *See Ford v. Matushak*, No. 19-C-2005, 2020 WL 3798868 (E.D. Wis. July 6, 2020); *Collins v. Gunderson*, No. 17-C-1157, 2018 WL 3233153 (E.D. Wis. July 2, 2018);

*Goodvine v. Vandewalle*, No. 16–C–890, 2018 WL 460121 (E.D. Wis. Jan. 17, 2018) *aff'd sub nom. Goodvine v. Carr*, 761 F. App'x 598 (7th Cir. 2019); *Ayoubi v. Dart*, 640 F. App'x 524, 526 (7th Cir. 2016).

**IT IS THEREFORE ORDERED** that Defendants' motion for sanctions (Dkt. No. 161) is **GRANTED;** and this case is **DISMISSED**.

**IT IS FURTHER ORDERED** that that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g) for filing a frivolous and malicious lawsuit.

Dated at Green Bay, Wisconsin this 28th day of January, 2025.

William C. Griesbach
United States District Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.